69 A.3d 180

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Darrell Tyrone JAMES, Appellee.**

Supreme Court of Pennsylvania.

Argued April 10, 2012.

Decided May 29, 2013.

466

Sandra Preuhs, Michael Wayne Streily, Allegheny County District Attorney's Office, Pittsburgh, for Appellant.

Scott Bruce Rudolf, Allegheny County Public Defender's Office, Pittsburgh, for Appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

## *OPINION*

Justice EAKIN.

The Commonwealth appeals from the order of the Superior Court vacating appellee's judgment of sentence for persons

not to possess firearms, possessing instruments of crime (unlawful body armor), possession of small amount of marijuana, and possession of drug paraphernalia.[1]  We conclude the Superior Court erred in holding the trial court violated Pa. R.Crim.P. 203(D) in the course of deciding whether a search warrant should have been issued;  accordingly, we reverse.

On April 11, 2007, police received information from a concerned citizen who witnessed a possible drug transaction at appellee's residence.  Two days later, the officers searched the garbage from appellee's residence and discovered drug paraphernalia, as well as marijuana and cocaine residue.  Police investigation revealed appellee had five prior narcotics arrests, and two prior arrests and one conviction for firearms violations.  A confidential informant subsequently told police he knew drugs were being sold from appellee's residence.  The officers conducted surveillance and saw individuals coming and going from the residence in brief increments of time, and several vehicles pulling up in front of the residence.  On April 19, 2007, police conducted a second trash pull of appellee's garbage and discovered more drug paraphernalia and residue.

Based on this information, police applied for and executed a search warrant for appellee's residence on April 20, 2007.  The affidavit of probable cause in support of the warrant included the following information concerning the two trash pulls:

> On 4/13/07 Det. Volker and your affiant conducted a trash pull of [appellee's residence].  Upon searching the *garbage taken from the residence* Det. Volker did recover "diapers" which are sandwich baggies with the corners torn off of them.  Approx. 20 of the baggie "diapers" were found inside an empty plastic sandwich baggie box.  Also found was one plastic baggie with marijuana stems and seeds inside of it, approx. 3 plastic baggie "knots", 10 plastic baggie "corners" and 1 plastic baggie with cocaine residue inside it.  The plastic baggie residue was field tested using the Narcopouch 904B which tested positive for the presence of cocaine.

*      *      *

1.  18 Pa.C.S. §§ 6105(a)(1), (b), 907(c);  35 P.S. § 780–113(a)(31), (32).

On 4/19/07 Det. Volker and your affiant conducted a final trash pull of [appellee's residence]. Upon searching the *garbage taken from the residence* Det. Volker did recover approx. ten "diapers" which are plastic baggies with the corners torn off, 2 plastic baggies with marijuana residue, one plastic baggie knot and a plastic corner of a baggie with cocaine residue. The plastic baggie corner was field tested using a NarcoPouch 904B which tested positive for the presence of cocaine. Indicia of residency was located in said trash. . . .

Affidavit of Probable Cause, 4/20/07, at 4–5 (emphasis added).

After searching the inside of appellee's home, police recovered three guns, soft body armor, drug paraphernalia, and a small amount of marijuana. Appellee admitted sole possession of the contraband and was charged accordingly.

Appellee moved to suppress his post-search inculpatory statements and the evidence seized from his home on the grounds the affidavit for the search warrant failed to establish probable cause. At the suppression hearing, appellee argued the affidavit did not specify where the trash was actually located when police seized it. If the trash was on the curb awaiting collection, it was abandoned, and police could lawfully search it without a warrant; if it was on appellee's porch, appellee retained a privacy interest in it, and the trash pull was unlawful. *See* N.T. Suppression Hearing, 3/6/08, at 35–37; *see also California v. Greenwood,* 486 U.S. 35, 37, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988) (Fourth Amendment does not prohibit warrantless search and seizure of garbage left for collection outside curtilage of home); *Commonwealth v. Perdue,* 387 Pa.Super. 473, 564 A.2d 489, 493 (1989), *appeal denied,* 524 Pa. 627, 574 A.2d 68 (1990) (same).

The trial court initially granted appellee's suppression motion, *see* N.T. Suppression Hearing, 5/28/08, at 3, and orally denied the Commonwealth's motion to reconsider at a hearing. *See* N.T. Reconsideration Hearing, 6/30/08, at 9. Later that day, it issued a written order granting reconsideration. *See* Order, 6/30/08. At the subsequent suppression hearing, the

court explained it decided to grant the motion to reconsider because it determined there were two constitutional issues: one involved the search warrant itself, and the other involved the trash pull. Because there was no way to tell from the affidavit of probable cause and the prior proceedings whether the trash pull violated appellee's Fourth Amendment rights, the trial court allowed the Commonwealth to present evidence pertaining to the trash pull that was not within the four corners of the affidavit.

The court's aim was to determine whether the evidence from appellee's trash was illegally seized and, as such, could not serve as probable cause. *See* N.T. Suppression Hearing, 10/22/08, at 3–4. Accordingly, the trial court allowed one of the officers who conducted the trash pulls to testify the trash had been set out on the sidewalk adjoining the steps leading to appellee's residence on trash collection day. *See id.*, at 8–12. Based on this testimony, the trial court concluded the trash was abandoned; therefore, appellee had no expectation of privacy, and the trash pulls did not violate his constitutional rights. Accordingly, the trial court held the evidence obtained from the trash pulls was properly included in the affidavit, and it denied appellee's motion to suppress. *See id.*, at 23–24. Appellee objected to this ruling, arguing the "four corners rule" in Pa.R.Crim.P. 203(D) [2] did not permit evidence outside the four corners of the affidavit in determining the constitutional validity of the trash pull.

Appellee pled guilty to other drug charges not at issue in this appeal, and was tried without a jury, found guilty, and sentenced to an aggregate term of four to eight years imprisonment. He appealed to the Superior Court, arguing the trial court was without jurisdiction to modify the order of May 28 on June 30, more than 30 days after its entry. *See* 42 Pa.C.S. § 5505 (court may modify or rescind any order within 30 days after entry if no appeal has been taken).[3] Appellee also

2. At a suppression hearing, no evidence is admissible to establish probable cause other than the affidavit sworn before the issuing authority. *See* Pa.R.Crim.P. 203(D).

3. In its Pa.R.A.P. 1925(a) opinion, the trial court agreed it lacked jurisdiction to grant reconsideration more than 30 days after entry of

argued the court violated Pa.R.Crim.P. 203(D) when, in determining whether the search warrant was properly issued, it considered testimony not contained in the affidavit of probable cause.

The Superior Court disagreed with appellee's argument concerning the trial court's lack of jurisdiction to reconsider the suppression order. It held *Padilla* categorizes a pre-trial suppression order as a final order for purposes of appeal only, and such an order is still considered interlocutory pursuant to 42 Pa.C.S. § 5505. *See Commonwealth v. James,* 12 A.3d 388, 391 (Pa.Super.2010) (citing *Commonwealth v. Hoffman,* 367 Pa.Super. 79, 532 A.2d 463, 463 (1987) (Commonwealth can directly appeal suppression order, but it is "otherwise [an] interlocutory order . . . .")). Accordingly, the court concluded the trial court had jurisdiction to grant the Commonwealth's motion for reconsideration of the suppression order. *Id.,* at 391–92.

Regarding appellee's challenge to the trial court's admission of testimony not contained in the affidavit, the Superior Court held the trial court violated Pa.R.Crim.P. 203(D) by considering evidence at the suppression hearing that was outside the four corners of the affidavit of probable cause. *Id.,* at 395. The court reasoned:

> [Appellee] was not challenging the trash pull itself, but rather the existence of probable cause on the face of the affidavit. Thus, the question for the trial court was whether sufficient probable cause existed within the four corners of the affidavit to support the magistrate's decision to issue the search warrant.

*Id.* Therefore, the court concluded, the trial court was prohibited from hearing supplemental testimony on what it deemed a "second constitutional issue" and then using that evidence to determine whether there was probable cause to issue the warrant. *Id.* Accordingly, the Superior Court vacated the

the order. The court relied on *Commonwealth v. Padilla,* 923 A.2d 1189 (Pa.Super.2007), for the proposition the suppression order was a final order. *See* Trial Court Opinion, 3/5/09, at 2.

order denying suppression, as well as the judgment of sentence, and remanded.

The Commonwealth sought allowance of appeal, which we granted, framing the following issue:

Whether the Superior Court ruled inconsistently with decisions of [this Court] and of other panels of [the] Superior Court by determining that the Commonwealth was limited to the four corners of the search warrant in meeting [appellee's] contention that two trash pulls, which were relied upon in part to demonstrate probable cause for the issuance of the warrant herein, were illegally conducted?

*Commonwealth v. James,* 611 Pa. 278, 25 A.3d 276 (2011) *(per curiam ).*

Initially, we address the issue of whether the trial court had jurisdiction to reconsider its suppression order more than 30 days after the order was entered. Although our grant of review did not encompass this issue, it is the foundation for the lower courts' rulings on the main issue; furthermore, this Court may raise the issue of jurisdiction *sua sponte. See Commonwealth v. Saunders,* 483 Pa. 29, 394 A.2d 522, 524 n. 2 (1978). The trial court, in its Rule 1925(a) opinion, agreed with appellee's argument that it lacked jurisdiction; the Superior Court rejected this argument, holding a suppression order is only categorized as a final order for purposes of permitting the Commonwealth to appeal from the suppression ruling. The Commonwealth—understandably, as it prevailed on the jurisdiction issue in the Superior Court—did not challenge that court's ruling on appeal to this Court; appellee, however, renews his jurisdictional argument.

Appellee contends a "dispositive suppression order," which effectively ends the prosecution's case, is a final order subject to 42 Pa.C.S. § 5505's time constraints regarding modification.[4] Here, the suppression order was extensive, ordering

4. Section 5505 provides:

Modification of orders. Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order *within 30 days after its entry,* notwithstanding the prior termi-

suppression of all physical evidence seized from appellee's home. The only evidence the Commonwealth was left with was that taken from the trash (drug paraphernalia and residue), and there was nothing establishing appellee's awareness that these items were in the trash. Therefore, appellee argues the Commonwealth's case was essentially ended by the suppression order, and the order was constructively a final order. Accordingly, the trial court had until June 27 to modify the suppression order entered May 28, and its failure to do so resulted in it losing jurisdiction to modify the order. Appellee further contends the Commonwealth's filing the motion for reconsideration of the suppression order within § 5505's 30–day period did not toll the period within which the trial court had to act.[5] Accordingly, as the trial court lacked jurisdiction, the Superior Court should have vacated the judgment of sentence on § 5505 grounds and remanded for a new trial at which the May 28, 2008 suppression ruling governed.

The trial court and Superior Court differed in their interpretation of *Padilla,* which analogized the grant of a motion in *limine* to the grant of a suppression motion, stating:

> For purposes of an appeal, the court's ruling on a motion *in limine* is the same as a pre-trial suppression order. [*Commonwealth v.*] *Noll* [443 Pa.Super. 602], 662 A.2d [1123,] 1125 [ (Pa.Super.1995) ]. "[A] pretrial suppression order is, in its practical effect, a final order ..." *Commonwealth v. Bosurgi* [411 Pa. 56], 190 A.2d 304, 308 (Pa.1963). "[T]he

nation of any term of court, if no appeal from such order has been taken or allowed.
42 Pa.C.S. § 5505 (emphasis added). It is well settled that § 5505 applies only to final orders. *See Commonwealth v. Bowden,* 456 Pa. 278, 309 A.2d 714, 716–17 (1973).

**5.** Appellee cites *Commonwealth v. Butler,* 389 Pa.Super. 209, 566 A.2d 1209 (1989), in support of this proposition. However, *Butler* involved the Commonwealth seeking reconsideration of a trial court's dismissal order; the Superior Court held the pending motion for reconsideration did not toll the 30–day period within which the trial court had to act. *Id.,* at 1210–11. That order was clearly a final order, dismissing the charges entirely; here, in contrast, there is a question regarding whether a suppression order is a final order subject to § 5505. Accordingly, we find *Butler* inapposite, because as discussed more fully *infra,* the instant order was not final.

grant of a motion *in limine* ... is identical in effect, to a suppression order and characterized by identical indicia of finality." *Bosurgi,* at 308. Because "a motion *in limine* is effectively the same as a motion to suppress, any ruling thereon is also 'final, conclusive, and binding at trial,' ..." [*Commonwealth v.*] *Metzer* [430 Pa.Super. 217], 634 A.2d [228,] 234 [ (Pa.Super.1993) ] (citing current Pa.R.Crim.P. 580(j)). Thus, both a suppression motion and a motion *in limine* "settle, before trial, issues regarding the exclusion or admission of evidence." *Metzer* at 233.

*Padilla,* at 1194 (parallel citations omitted). The trial court read *Padilla*'s finality language—which was taken from *Bosurgi*—literally, holding a suppression order is a final order. The Superior Court took a more nuanced view of this language, holding *Padilla* categorized a suppression order as final *"for purposes of appeal only." James,* at 391 (emphasis in original). This interpretation is correct.

*Bosurgi* and its progeny, *see Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382, 386 (1985) (Commonwealth's appeal of suppression order is proper as appeal from final order when Commonwealth certifies in good faith that suppression order terminates or substantially handicaps its prosecution), were concerned with providing the Commonwealth what might be its only appeal from an unfavorable suppression ruling; "[t]he right of appeal was granted [to] the Commonwealth to satisfy a question of elemental fairness[.]" *Id.* A defendant has the ability to challenge an adverse suppression ruling on direct appeal if he loses at trial; the Commonwealth, however, if forced to proceed to trial without certain evidence, has no recourse if the suppression court's ruling was erroneous, as double jeopardy principles prevent retrial of the defendant with the additional evidence once he has been acquitted. Therefore, to level the playing field for purposes of appellate review, these cases held a suppression order is appealable by the Commonwealth when it provides the requisite certification.

In 1992, the Pennsylvania Rules of Appellate Procedure were amended to reflect this reasoning. Rule 311, tellingly titled "Interlocutory Appeals as of Right," was amended to

474

provide: "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa. R.A.P. 311(d). The explanatory note to the rule states, "[T]he 1992 amendment permits appeals by the Commonwealth from certain interlocutory orders that were previously treated as final orders under the pre–1992 version of Rule 341(c)." *Id.*, Note (as amended May 6, 1992, effective July 6, 1992). Thus, the appellate rules underscore the conclusion that a suppression order is an interlocutory order from which the Commonwealth has an absolute appeal as of right. The fact the Commonwealth is permitted to appeal such interlocutory order in certain circumstances does not transform the order into a final one for purposes of § 5505's 30–day period for modification.[6]

Accordingly, the trial court's order granting appellee's suppression motion was interlocutory, and § 5505's 30–day modification period was inapplicable. The Commonwealth's motion for reconsideration of the suppression order was not an appeal; the Commonwealth sought reconsideration by the same court that entered the order. Therefore, the trial court had the authority to revisit its initial ruling and to reach a different result; moreover, it did not have to do so within 30 days. Appellee's jurisdictional argument fails, and we turn to the main issue concerning whether the trial court violated Pa. R.Crim.P. 203(D) by considering testimony not contained in the affidavit of probable cause at the suppression hearing.

Our standard of review in suppression matters is well-settled:

---

6. In *Commonwealth v. Rosario*, 538 Pa. 400, 648 A.2d 1172 (1994), this Court addressed whether a defendant could appeal from a trial court order reversing a municipal court's grant of the defendant's suppression motion. In holding the defendant has no corresponding right to the Commonwealth's right to appeal a suppression order, we noted, "an appeal from a suppression order, *although interlocutory*, is a right enjoyed by the *Commonwealth*." *Id.*, at 1174 (first emphasis added; second emphasis in original).

Our review is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct.... We are bound by the factual findings of the suppression court, which are supported by the record, but we are not bound by the suppression court's legal rulings, which we review *de novo.*

*Commonwealth v. Briggs,* 608 Pa. 430, 12 A.3d 291, 320–21 (2011) (citations omitted).

The Commonwealth contends the trial court correctly concluded there was an underlying issue to be resolved before it could determine whether the magistrate's issuance of the warrant was supported by probable cause, namely, whether the trash pull was conducted legally. At the hearing, appellee was not merely challenging the validity of the warrant on its face as set forth in his motion; he challenged the propriety of the initial warrantless search of the trash, claiming it could not be considered as a fact in support of probable cause. He sought to have the trash pull declared illegal, and its results stricken from the affidavit, such that the suppression court would determine whether the remaining facts were sufficient to support a finding of probable cause. This distinction, the Commonwealth contends, takes the inquiry out of Pa. R.Crim.P. 203(D)'s framework and into a posture requiring "a hearing on the veracity of the implicit representation that the trash pull evidence was obtained in a constitutional manner." Commonwealth's Brief, at 33 (quoting LaFave, *Search and Seizure: A Treatise on the Fourth Amendment,* § 3.1(d) n. 89 (4th ed.2004)).

The Commonwealth further asserts United States Supreme Court precedent and Pennsylvania law supports its contention that a hearing and the admission of extrinsic evidence is appropriate when a defendant challenges a particular averment in an affidavit of probable cause, rather than merely attacking the warrant's facial validity.

Appellee counters that Pa.R.Crim.P. 203(D)'s plain language prohibits consideration of extrinsic testimony regarding the

existence of probable cause, which was at issue here. Since the reviewing court's task is to determine whether the magistrate's finding of probable cause was proper, the court can only review what was in front of the magistrate, *i.e.,* the affidavit. Appellee argues the trial court's initial suppression ruling was proper; it disregarded the references to trash taken "from the residence," which indicated illegal conduct by police. Appellee further posits the proper procedure when there is a question regarding the validity of a factual averment in an affidavit is for the magistrate to deny the warrant application, inform the affiant of the deficiency, and permit the affiant to submit a supplemental affidavit. Accordingly, appellee claims the trial court, when faced with a question regarding the trash pull's legality, should have held the magistrate erred in not requiring a supplemental affidavit clarifying the trash pull's legality.

Finally, appellee asserts the Pennsylvania precedent the Commonwealth relies on is distinguishable; in those cases, the defense—not the prosecution—was the party presenting extrinsic testimony at the suppression hearing. Appellee posits such testimony is permissible when offered by the defense, because Rule 203(D)'s language only prohibits the use of extrinsic evidence to *establish* probable cause; it does not bar the use of such evidence to *refute or contradict* the assertion that probable cause exists. Thus, appellee contends, Rule 203(D) creates a "one-way street," restricting the Commonwealth's evidence at a suppression hearing to only the affidavit, but permitting the defendant to offer testimony to refute the affidavit's assertions.

■■ We begin by examining Rule 203, which provides:
(B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. *The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.*

\*　　\*　　\*

(D) *At any hearing on a motion for the return or suppression of evidence,* or for suppression of the fruits of evidence, obtained pursuant to a search warrant, *no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B).*

Pa.R.Crim.P. 203(B), (D) (emphasis added). The rule plainly states the issuing authority may not consider evidence outside the affidavit in making the probable cause determination, and the suppression court, in reviewing this determination, may only consider the affidavit. *Id.; see Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887, 891 (1991) (noting, under Rule 203's predecessor, courts shall not consider oral testimony outside four corners of written affidavit to supplement finding of probable cause for search warrant). The rule pertains to the evidence which may be considered in reviewing the sufficiency of the affidavit of probable cause. The rule does not speak, however, to the evidence the suppression court may consider when a defendant challenges veracity or omission of facts in the affidavit, which is the situation before us.

This Court has held a defendant at a suppression hearing has the right to test the veracity of the facts recited in the affidavit in support of probable cause. *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342, 344 (1973). In *Hall,* we noted, " 'To rule otherwise, would permit police in every case to exaggerate or expand on the facts given to the magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination.' " *Id.* (quoting *Commonwealth v. D'Angelo,* 437 Pa. 331, 263 A.2d 441, 444 (1970)). Accordingly, we concluded the defendant "at the suppression hearing should have been afforded the opportunity *through 'the traditional safeguard' of cross-examination,* to test the truthfulness of the recitals in the warrant[.]" *Id.,* at 346 (emphasis added). *Hall* involved a challenge to reliability of information attributed to an unnamed informant; this case and its progeny dealt with challenges to false statements and misstatements in affidavits, not omissions or ambiguities as in the instant case. *See Commonwealth v. Miller,* 513 Pa. 118, 518 A.2d 1187 (1986); *Com-*

monwealth v. Brown, 836 A.2d 989 (Pa.Super.2003); Commonwealth v. Mejia–Arias, 734 A.2d 870 (Pa.Super.1999); Commonwealth v. DeCaro, 298 Pa.Super. 32, 444 A.2d 160 (1982); Commonwealth v. (Patrick) Ryan, 296 Pa.Super.222, 442 A.2d 739 (1982); Commonwealth v. Bradshaw, 290 Pa.Super. 162, 434 A.2d 181 (1981), overruled in part on other grounds, Commonwealth v. Antoszyk, 985 A.2d 975 (Pa.Super.2009); Commonwealth v. (William) Ryan, 268 Pa.Super.259, 407 A.2d 1345 (1979).

The United States Supreme Court recognized the right to challenge an affidavit's veracity in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which addressed whether a defendant has the right, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of factual averments in an affidavit of probable cause. *Id.* at 155, 98 S.Ct. 2674. The Court held where the defendant makes a substantial preliminary showing the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit, the Fourth Amendment requires a hearing be held at the defendant's request. *Id.* at 155–56, 98 S.Ct. 2674. The Court emphasized the defendant's attack on the affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine[ ]"; the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof. *Id.* at 171, 98 S.Ct. 2674. If the defendant meets these requirements, but the remainder of the affidavit's content is still sufficient to establish probable cause, no hearing is required. *Id.* at 171–72, 98 S.Ct. 2674. If the affidavit's remaining content is insufficient, a hearing is held, at which the defendant must establish, by a preponderance of the evidence, the allegation of perjury or reckless disregard. *Id.* at 156, 172, 98 S.Ct. 2674. If he meets this burden, the affidavit's false material is disregarded; if its remaining content is insufficient to establish probable cause, the search warrant is voided, and the fruits thereof are excluded. *Id.* at 156, 98 S.Ct. 2674.

Following *Hall* and *Franks,* Pennsylvania courts expounded on issues such as the burden of proof and the type of evidence admissible in such hearings. In *(William) Ryan,* the suppression motion attacked the reliability of the informant on whose information the affidavit was based; the defendant further contended the unlawfully gathered information from this warrant was then used as the basis for a second warrant. The Superior Court reiterated *Hall* 's holding and addressed the defendant's contention that the suppression court erred in allowing the Commonwealth to introduce the search warrant and affidavit at the suppression hearing without producing any testimony. The Commonwealth argued the defendant was not precluded from presenting his own witnesses to challenge the affiant's veracity, much as appellee asserts Rule 203 creates a "one-way street" permitting only the defendant to introduce extra-affidavit evidence at a suppression hearing. The Superior Court rejected this argument, reasoning:

> The burden is on the Commonwealth to establish the validity of the search warrant and the burden is not carried by merely introducing the search warrant and affidavit with no *supporting testimony* because then the only way for the defendant to challenge the veracity of the information is to call witnesses himself and this effectively shifts onto him the burden of disproving the veracity of the information, an almost impossible burden. If the procedure followed by the Commonwealth in this case were upheld then policemen could recite in an affidavit as probable cause for the issuance of a search warrant any and all statements which they felt were of help in obtaining the warrant, irrespective of the truth or veracity of those statements, their legality or illegality, or constitutionality or unconstitutionality, realizing that such statements would be insulated from defendant's right of cross-examination since the Commonwealth did not have to call witnesses who would be subject to cross-examination to establish the facts necessary to support the issuance of the search warrant. Therefore, we must hold that the Commonwealth failed to carry its burden of proof at the suppression hearing. To rule otherwise would permit

police in every case to exaggerate or to expand on the facts given to the issuing authority merely for the purpose of meeting the probable cause requirement, thus precluding an objective determination of whether probable cause for the warrant existed.

*(William) Ryan,* at 1348 (citations omitted) (emphasis added). Significantly, the court rejected the Commonwealth's assertion that Pa.R.Crim.P. 2003(b), the predecessor to Rule 203, only required submission of the affidavit to meet the burden of proof at the hearing:

> The rule stands for the proposition that only evidence as set forth in the affidavit can be considered in determining *whether or not the issuing authority had probable cause to issue the warrant. It does not mean that only the affidavit, i.e. the physical document itself, can be admitted into evidence.* As discussed above the mere introduction of the physical document is *not* sufficient to sustain the Commonwealth's burden of proof because the document does not lend itself to cross-examination which is the defendant's right. *Commonwealth v. Hall, supra. While the court could not venture outside the four corners of the affidavit in deciding whether probable cause existed, it is still the Commonwealth's burden to prove the validity of the statements contained in the affidavit and this can only be done by real, live witnesses who are subject to cross-examination* by the defendant.

*Id.* (emphasis added).

Thus, the court distinguished between review of the magistrate's probable cause determination and review of a challenge to the statements in the affidavit itself. It emphasized the defendant must specify in his suppression motion his challenge to the affidavit so the Commonwealth is alerted to its burden of proof; bald allegations of failure to show probable cause are insufficient and require nothing more than introduction of the affidavit and warrant. *Id.; see also Commonwealth v. Iacavazzi,* 297 Pa.Super. 200, 443 A.2d 795, 797–98 (1981) (where defendant files motion to suppress, Commonwealth has burden of going forward to establish allegedly suppressible evidence

was not illegally obtained; where defendant specifically complains of defects in warrant, he alerts Commonwealth to its burden of proof, and it must introduce witnesses subject to defendant's cross-examination).

The case law establishes appellee had a right to challenge omissions or ambiguities in the affidavit of probable cause. *See Commonwealth v. Taylor,* 850 A.2d 684 (Pa.Super.2004); *(Patrick) Ryan; (William) Ryan; Hall.* Here, appellee's specific challenge at the suppression hearing concerned the legality of the trash pulls. The affidavit's language, "taken from the residence," it was argued, could have meant the trash was seized while still on appellee's porch, or it could have meant the trash had been taken to the curb by its owner. Thus, appellee made an assertion his constitutional rights might have been violated during the accumulation of evidence used in the affidavit. This is quite distinct from a challenge to the existence of probable cause within the four corners of the affidavit.

We know of no authority requiring a magistrate to anticipate constitutional challenges to the acquiring of the information in the affidavit—any legal distinction between garbage from the porch versus the sidewalk can be dealt with in a suppression motion, but the magistrate does not err by failing to note an issue or quiz the affiant on the matter. The magistrate is to evaluate probable cause, not anticipate or rule pre-search on any conceivable suppression issue counsel may later assert. Likewise, we find no authority requiring an affiant to anticipate and defend against arguments that the information in the affidavit was unconstitutionally acquired.

As such, challenges of the present nature must be resolved with evidence beyond the affidavit's four corners. Testimony that allowed the suppression court to rule on abandonment, including the specific location where the trash was located, was necessary to answer the new issue appellee raised at the hearing. *See (William) Ryan,* at 1348. The goal of this inquiry was not to determine probable cause; it was to determine whether a fact in the affidavit would be included or stricken when determining probable cause. We agree with

the Commonwealth that Rule 203(D) does not apply under these circumstances.

As the Superior Court held in *(William) Ryan* and *(Patrick) Ryan,* when a fact in an affidavit is specifically challenged (as opposed to a generic, global challenge to the affidavit's sufficiency), the Commonwealth must come forward with evidence elucidating the validity of the fact in question. The affidavit alone is not enough; when its facts are challenged, evidence concerning how those facts were ascertained is often required. Live witnesses subject to cross-examination—in this case, one of the officers who conducted the trash pull—were essential for the trial court to determine whether the initial warrantless search was lawful and could remain among the facts it considered when assessing probable cause. Having found the trash pulls were lawfully conducted, the trial court properly considered the information regarding the trash pulls in its review of the magistrate's probable cause determination, and we agree with its conclusion that probable cause was established. Accordingly, its denial of appellee's suppression motion was proper, and we reverse the order of the Superior Court and remand for reinstatement of appellee's judgment of sentence.

Order reversed; case remanded. Jurisdiction relinquished.

Former Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, Justice SAYLOR and BAER and Justice TODD join the opinion.

Justice McCAFFERY files a concurring opinion.

## CONCURRING OPINION

Justice McCAFFERY.

I agree with the Majority's disposition and join it in its entirety. I write separately and respectfully only to briefly note my belief that the phrase "trash pull" is accepted police jargon, recognized by Pennsylvania jurisprudence as describ-

ing the investigation of **discarded** trash. *See Commonwealth v. Washington*, 858 A.2d 1255 n. 5 (Pa.Super.2004) (noting that a "trash pull" is "the investigation of **discarded** trash from a residence.") (emphasis added). The lower courts, in my view, should have noticed and accepted this definition, which would have corroborated and validated the challenged fact without the necessity of re-opening the suppression hearing to question the detective regarding the location of the trash.