J-A26006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID FISHER GLICK, | |
| Appellant | No. 227 MDA 2014 |

Appeal from the Judgment of Sentence January 22, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003218-2013

BEFORE:  BOWES, MUNDY, and JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 06, 2014**

David Fisher Glick appeals from the judgment of sentence of five to twenty-three months imprisonment followed by three years probation that was imposed after he was found guilty at a stipulated bench trial of driving under the influence of alcohol—highest rate.  The present DUI was Appellant's second offense.  We reject Appellant's challenge to the court's refusal to suppress evidence seized as a result of his vehicular stop and arrest, and we affirm.

Initially, we delineate our standard of review of challenges to a suppression court's ruling:

> Our review is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct.  We are bound by the factual findings of the suppression court, which are supported by the record, but we are not bound

by the suppression court's legal rulings, which we review *de novo.*

**Commonwealth v. James**, 69 A.3d 180, 186 (Pa. 2013) (citation omitted).

Herein, the following facts, which are supported by the record, were utilized by the suppression court in evaluating Appellant's suppression claims.

On April 14, 2013, at approximately 10:20 p.m., [East Lampeter Township] Officer [Jonathan] Werner was on duty as a patrol officer on Route 30. (N.T. Suppression Hearing, 11/14/13, p. 4-5). Officer Werner was in the parking lot of a Wawa when he heard an engine revving very loudly in the parking lot directly across the street. (*Id*. at p. 5-6). The roadway in between Wawa and the other parking lot is a five-lane highway with a center turn lane, two eastbound lanes, and two westbound lanes. (*Id*. at p. 6). Traffic was light and nothing obscured the officer's vision, so he was able to identify that the noise was coming from a red pickup truck that was leaving the parking lot. (*Id*. at 5-7). Officer Werner proceeded to his cruiser and began to follow the vehicle. (*Id*. at 7).

Officer Werner had to drive at least 60 miles an hour to keep up with Defendant; the posted speed limit is 40 miles per hour. (N.T. Suppression Hearing, 11/14/13, p. 8). Defendant proceeded eastbound on Route 30 in East Lampeter Township, abruptly changing lanes right in front of a tractor trailer. (N.T. Suppression Hearing, 11/14/13, p. 8-9). Defendant went from the left lane to the right lane in such a manner that his vehicle was shaking like it was out of control and the tractor trailer was forced to slow and brake. (*Id*. at 9-10). Officer Werner initiated a stop of Defendant's vehicle. (*Id*. at 9). When Defendant pulled over, his vehicle jumped the curb at the corner of the intersection. (*Id*. at 11).

Upon making contact with Defendant, Officer Werner observed that Defendant had bloodshot, watery eyes, spoke with slurred speech, and that there was a very strong odor of alcoholic beverages. (*Id*. at 14). There were also unopened beer cans in the back seat. (*Id*. at 13, 37-38). Based on his observations, Officer Werner directed Defendant to do standard

field sobriety tests. (***Id***. at 16). Defendant performed the Horizontal Gaze Nystagmus test, the Walk and Turn test, and the One-Legged Stand. (***Id***. at 16). Based on the officer's observations of Defendant prior to initiating the stop and during the field tests, Officer Werner determined Defendant was incapable of safely driving and took him into custody. (***Id***. at 27-28). The analysis of Defendant's blood indicated a blood alcohol content of .229%. (***Id***. at 67-68).

Trial Court Opinion, 3/5/14, at 1-2. Appellant raises these issues on appeal:

1. Whether the motor vehicle stop of the petitioner's vehicle was constitutional. More specifically whether the motor vehicle stop was supported by probable cause.

2. Whether the officer's decision to arrest petitioner was supported by probable cause.

Appellant's brief at 4.

Where, as here, a vehicle is stopped based upon an observed traffic offense that does not require further investigation, the Commonwealth must establish that the police officer had probable cause to believe that the traffic offense was committed. ***Commonwealth v. Enick***, 70 A.3d 843 (Pa.Super. 2013). In this case, the officer articulated that he observed Appellant violate 75 Pa.C.S. § 3309(1), which provides, in pertinent part that, "A vehicle shall . . . not be moved from the lane until the driver has first ascertained that the movement can be made with safety." We affirm the trial court's conclusion that Officer Werner had probable cause to believe that a violation of this section occurred. He reported that Appellant abruptly changed lanes directly in front of a tractor-trailer, causing that vehicle to brake. In the process Appellant nearly lost control of his own vehicle.

We reject Appellant's assertion that a single violation of § 3309 cannot sustain a traffic stop. *Enick, supra*. We also observe that Appellant was not stopped on suspicion of being DUI; rather, Officer Werner articulated that the abrupt lane change in front of a tractor-trailer violated § 3309(1). Hence, we affirm the suppression court's conclusion that the vehicular stop was valid.

Appellant next avers that Officer Werner lacked probable cause to arrest him for DUI. Police have probable cause to arrest "where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." *Commonwealth v. Angel*, 946 A.2d 115, 118 (Pa.Super. 2008) (quoting *Commonwealth v. Hilliar*, 943 A.2d 984 (Pa.Super. 2008)). Probable cause is determined by examining all of the facts and circumstances at the police officer's disposal. *Angel*, *supra*; *Hilliar*, *supra*.

In this case, Officer Werner had an abundance of facts supporting that Appellant was DUI. Appellant was traveling sixty miles per hour in a forty mile-per-hour zone, and he changed lanes in front of a tractor-trailer. Then, when Appellant stopped his vehicle, he jumped the curb and left his truck partially within the lane of travel. When Officer Werner came into contact with Appellant, Appellant's breath smelled strongly of alcohol. Appellant's eyes were bloodshot and watery, and he displayed slurred speech and unsteady movements. Appellant then failed three field sobriety tests, which

the officer was trained to administer. Finally, there was alcohol in Appellant's vehicle. Hence, we conclude that Officer Werner had probable cause to arrest Appellant for DUI. ***Angel***, ***supra***; ***Hilliar***, ***supra***; ***see also Commonwealth v. Cauley***, 10 A.3d 321 (Pa.Super. 2010).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014