J-S37041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID R. LAMBERT, | : | |
| | : | |
| Appellant | : | No. 1835 MDA 2016 |

Appeal from the PCRA Order entered October 5, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0000928-2010

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 31, 2017**

David R. Lambert ("Lambert") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we adopt for the purpose of this appeal.  *See* PCRA Court Opinion, 10/5/16, at 1-9.

Following an evidentiary hearing, the PCRA court denied Lambert's PCRA Petition.  Lambert filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Lambert raises the following questions for our review:

I.     Whether the PCRA court erred when it determined [Lambert's] appellate counsel was not ineffective for failing to challenge the court's denial of suppression related to [Lambert's] second phone number, 267-339-[****]? Specifically, whether the court erred, as a matter of law, when it found sufficient probable cause existed for

authorization of the electronic wiretap and considered evidence beyond the wiretap application's four corners in fashioning the findings of probable cause?

II.    Whether the PCRA court erred, as a matter of law, when it determined [Lambert's] **Brady**[ **v. Maryland**, 373 U.S. 83 (1963)] claim lacked merit?  Specifically, whether the court erroneously concluded that the Commonwealth hadn't definitively withheld Justin Judd's [("Judd")] proffer letter/agreement; the evidence was cumulative and not impeaching; and that the impact of the withheld evidence would not have resulted in a different result at [Lambert's] trial, despite evidence established to the contrary?

Brief for Appellant at x (capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the [PCRA] court's determination and whether its decision is free of legal error.  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.  We give no such deference, however, to the [PCRA] court's legal conclusions.

**Commonwealth v. Secreti**, 134 A.3d 77, 79-80 (Pa. Super. 2016) (citations omitted).

In his first claim, Lambert contends that appellate counsel was ineffective for failing to challenge the trial court's denial of the suppression of evidence derived from a wiretap of the second phone number, which was not registered to him.  Brief for Appellant at 26, 29, 34.  Lambert argues that there was no probable cause to evidence criminal conduct relating to the second phone number contained within the four corners of the Application for wiretap intercepts.  **Id.** at 37, 40.  Lambert asserts that the Commonwealth attempted to lump the representations from the first phone

number, which was supported by probable cause, to support a wiretap intercept on the second phone number. *Id.* at 33-34, 35-36, 37, 40; *see also id.* at 37, 39-40 (arguing that the existence of probable cause on the first phone number does not result in probable cause on the second phone number). Lambert claims that while there were calls between the first and second phone numbers, no transactions were completed through the second phone number, and there was no evidence that Lambert was using the second phone number. *Id.* at 34-35; *see also id.* at 34 (noting that "[a]ttributing calls to [Lambert] on both phones when the phones communicated with each other would be illogical and unreasonable to use as a basis for probable cause[.]") (emphasis omitted). Lambert argues that the Commonwealth could have used a pen register on the second phone number as an investigative tool to obtain additional data and information. *Id.* at 36; *see also id.* at 35 (wherein Lambert argues that by obtaining data from the first phone, the Commonwealth could have ascertained who was speaking on the second phone number). Lambert also points out that the wiretap was the first step in the investigation of the second phone number. *Id.* at 32, 33, 35. Furthermore, Lambert contends that the PCRA court's reliance on Agent David Carolina's testimony from the suppression hearing, in rendering its decision, went beyond the four corners of the Application. *Id.* at 40-41. Lambert additionally claims that there was no reasonable basis for appellate counsel's inaction, and that he was prejudiced by the inaction, as the bulk of

the Commonwealth's case involved evidence from the second phone number. *Id.* at 41-44.

To succeed on an ineffective assistance of counsel claim, Lambert must demonstrate that

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim." *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

The PCRA court set forth the relevant law, addressed Lambert's first claim and determined that it is without merit. *See* PCRA Court

Opinion, 10/5/16, at 12-18, 18-21, 22.[1]  We adopt the sound reasoning of the PCRA court for the purposes of this appeal, and affirm on this basis. *See id.*[2]

In his second claim, Lambert contends that the PCRA court erred in determining his *Brady* claim was without merit.  Brief for Appellant at 44, 58.  Lambert argues that the Commonwealth failed to inform him of a meeting between Judd, a co-conspirator in the corrupt organization, and the Commonwealth, which resulted in a letter that indicated that any statements

---

[1] We decline to adopt those portions of the PCRA court Opinion that cite to testimony presented at the suppression hearing, *see* PCRA Court Opinion, 10/5/16, at 18, 21-22, because Lambert alleges that counsel was ineffective for failing to challenge the lack of probable cause supporting the Application as to the second phone number.  It is well-settled that "the issuing authority may not consider evidence outside the affidavit in making the probable cause determination, and the suppression court, in reviewing this determination, may only consider the affidavit." *Commonwealth v. James*, 69 A.3d 180, 187 (Pa. 2013).  *But see id.* at 190 (stating that "when a fact in an affidavit is specifically challenged (as opposed to a generic, global challenge to the affidavit's sufficiency), the Commonwealth must come forward with evidence elucidating the validity of the fact in question.").  However, the PCRA court's mere inclusion of testimony presented at the suppression hearing in its Opinion, which corroborates information in the Application, does not grant Lambert relief.  In point of fact, the PCRA court specifically found, and our review confirms, that the Application was supported by probable cause.  *See, e.g.,* PCRA Court Opinion, 10/5/16, at 16-17 n.18, 22.

[2] We also note that suppression is not an available remedy for an alleged failure to satisfy the "normal investigative procedures" requirement of 18 Pa.C.S.A. § 5710(a)(3).  *See Commonwealth v. Steward*, 918 A.2d 758, 760 (Pa. Super. 2007); *Commonwealth v. Donahue*, 630 A.2d 1238, 1249 (Pa. Super. 1993).  Therefore, to the extent that Lambert claims that his counsel rendered ineffective assistance, by failing to challenge the trial court's determination that section 5710(a)(3) was satisfied, his claim lacks merit for that reason as well.

made by Judd at the meeting would not be used against Judd. *Id.* at 44, 46-47, 50-51. Lambert further argues that without this evidence, he could not confirm whether Judd's disclosures in the meeting were consistent with his trial testimony or exculpatory for Lambert. *Id.* at 51-52; *see also id.* at 48, 50 (wherein Lambert claims that this evidence would have changed his counsel's cross-examination of Judd at trial, and Judd would have testified differently if the evidence had been disclosed). Lambert asserts that the Commonwealth withheld the evidence until March 2015, nearly four years after he was convicted of the crimes. *Id.* at 47, 48-49. Lambert claims that Judd's letter was "non-cumulative impeachment evidence affecting the credibility of the only un-charged co-conspirator who testified against [Lambert] at trial." *Id.* at 53; *see also id.* at 54-58 (wherein Lambert argues that Judd's credibility was determinative of Lambert's guilt as it would have put the remaining evidence in a different light for the jury). Lambert seeks a new trial based upon the *Brady* violation. *Id.* at 58.

The PCRA court set forth the relevant law, addressed Lambert's second claim, and determined that it is without merit. *See* PCRA Court Opinion, 10/5/16, at 22-31.[3] We adopt the sound reasoning of the PCRA court for the purposes of this appeal, and affirm on this basis. *See id.*

---

[3] "We recognize that decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority." *Commonwealth v. Anderson*, 40 A.3d 1245, 1249 (Pa. Super. 2012) (citation omitted).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017