J-S16040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF
PENNSYLVANIA

Appellee

v.

DAVID CHARLES BEAN

Appellant

:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA


No. 1320 MDA 2017

Appeal from the Judgment of Sentence August 15, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001226-2014


BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                       **FILED JULY 31, 2018**

Appellant, David Charles Bean, appeals from the judgment of sentence, as amended, following his conviction by a jury of rape of an unconscious person, and numerous related offenses.[1]  Appellant chiefly challenges the denial of his motions to suppress evidence of the sexual encounters found on his cell phone.  He also claims his sentence was excessive.  Finally, he disputes his designation as a sexually violent predator (SVP).  We vacate the portion of Appellant's sentence finding him to be a sexually violent predator and affirm in all other respects.

---

[1] The trial court corrected and reduced Appellant's sentence on August 15, 2017.  Therefore, Appellant is appealing from the amended sentence, not the original sentence imposed on March 20, 2017.  We have amended the caption accordingly.

---

\*   Retired Senior Judge assigned to the Superior Court.

The underlying facts of the case are not in substantial dispute. In the summer of 2013, on or about July 14, 15, August 8, and August 10, 2013, (*see* Trial Court Opinion, 8/15/17, at 5-6), Appellant recorded videos on his cell phone which showed him engaging in graphic, explicit sexual acts with two female acquaintances, J.D. and L.K. (the Victims), while they were passed out from the effect of drugs, mainly heroin. Both women were addicted to heroin.

Both victims admitted that on previous occasions, each had agreed to engage in sexual acts with Appellant (while they were conscious) in exchange for his providing them heroin, Xanax, or the money to buy the drugs. Appellant essentially claimed a kind of boyfriend/girlfriend relationship with the two women, who had both lived or stayed with him at various times. At trial, Appellant explained, "[it] kind of evolved into boyfriend/girlfriend, but like a degree below that." (N.T. Trial, 9/13/16, at 31). Appellant maintained that he had shot the videos to show both women the effect the drugs were having on them. (*See id.* at 32).

However, both of the women denied a romantic relationship with Appellant, or more than a casual friendship (other than for the admitted sex, drugs, and living arrangements). Both women also denied consenting to the sex acts on the videos. Although accounts varied, the two women eventually discovered the videos and reported Appellant to the Pennsylvania State Police.

They also informed the State Police of burglaries in which Appellant was involved.

The state police prepared two affidavits of probable cause in support of a search warrant for the cell phone. Trooper Jeffrey A. Vilello drafted the first affidavit of probable cause. (**See** Affidavit of Probable Cause, 7/15/14, at unnumbered pages 1-4). Defense counsel filed a motion to suppress the first search warrant. He alleged that it was constitutionally invalid as insufficiently particular, stale, and lacking in probable case.

At that point, apparently at the urging of the assigned assistant district attorney, Pennsylvania State Police Corporal Brad Eisenhower, Trooper Vilello's supervisor, drafted a supplemental affidavit of probable cause. Appellant filed a supplemental motion to suppress, on March 9, 2015. (**See** Opinion and Order, 3/25/15, at 1).

At the hearing on the motion, the parties "stipulated that the sole issue, in light of the subsequent search warrant, related to the taint of said search warrant." (**Id.** at 2). After the hearing, the court denied the second motion to suppress, and ruled that the first motion to suppress was moot. (**See id.** at 6). A State Police expert recovered videos from the cell phone (or from SD cards, after the women deleted the original videos from the cell phone).[2]

---

[2] SD (secure digital) is a memory card developed according to industry standards for use in portable devices.

At trial, Appellant's defense was essentially that the sex was consensual, because both Victims had previously had sex with him for drugs or money. The jury convicted Appellant on September 13, 2016.[3] The jury acquitted Appellant of two other counts of invasion of privacy.

On March 20, 2017, the trial court sentenced Appellant, a repeat felon with a long criminal history, to a term of incarceration of not less than nineteen nor more than thirty-eight years of incarceration. The sentencing court had the benefit of a pre-sentence investigation report (PSI). (**See** N.T. Sentencing, 3/20/17, at 14). Neither party had any objections or corrections to the contents of the PSI. (**See id.**). On August 15, 2017, the court amended the sentence to an aggregate term of not less than eighteen nor more than thirty-six years of incarceration.[4]

Appellant timely appealed on August 17, 2017. Appellant filed a court-ordered statement of errors on August 23, 2017. **See** Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion, referencing its Opinion and Order dated August 14, 2017 (filed August 15, 2017), disposing of Appellant's post-

_____

[3] In addition to rape of an unconscious person, the jury convicted him of involuntary deviate sexual intercourse with an unconscious person, two counts of sexual assault, aggravated indecent assault without consent, aggravated indecent assault of an unconscious person, four counts of obscene and other sexual materials and performances, two counts of invasion of privacy, three counts of indecent assault without consent, and three counts of indecent assault of an unconscious person.

[4] The court vacated Appellant's convictions of obscene performance on the ground that that the sex videos had not been presented to the public.

sentence motions. (**See** Opinion in Support of Order, 8/24/17); **see also** Pa.R.A.P. 1925(a). On the motions to suppress issue, the trial court denied relief based on the Opinion and Order, 3/25/15, **supra** at 1-7, previously authored by the Honorable Marc F. Lovecchio. (**See** Trial Court Order, 8/15/17, at 2).

Appellant presents four questions for our review:

> I. Did the [trial] court err by denying Appellant's motion to suppress evidence obtained as a result of the search of his cell phone?
>
> II. Did the trial court err by denying the Appellant's objection to admission of the evidence obtained from his cell phone based on a break in the chain of custody?
>
> III. Did the trial court abuse its discretion by sentencing the Appellant to 18 to 36 years for sexual offenses that he videotaped where the alleged victim acknowledged voluntarily participating in sexual act [sic] with the Appellant on other occasions for drugs or money?
>
> IV. Should the trial court's SVP designation be stricken as unconstitutional pursuant to this Court's opinion in **Commonwealth v. Butler**, [173 A.3d 1212 (Pa. Super. 2017)]?

(Appellant's Brief, at 4).[5]

---

[5] The Commonwealth declined to file a brief, relying on the trial court's order and opinion dated August 14, 2017 (and filed on August 15, 2017). (**See** letter from A. Melissa Kalaus, Esq., Assistant District Attorney, to Jennifer Traxler, Esq., Deputy Prothonotary, Superior Court of Pennsylvania, 2/15/18).

In his first claim, Appellant argues that the video evidence from his cell phone should have been suppressed.[6]  He contends that the state police were slow to serve the search warrant, and the information was stale.  (**See** Appellant's Brief, at 12, 15).  We disagree.

Our standard of review in suppression matters is well-settled:

> Our review is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct. . . . We are bound by the factual findings of the suppression court, which are supported by the record, but we are not bound by the suppression court's legal rulings, which we review *de novo.*

**Commonwealth v. James**, 69 A.3d 180, 186 (Pa. 2013) (citation omitted).

Here, preliminarily, we are compelled to note that Appellant has failed to ensure that the certified record includes the second affidavit of probable cause, or the search warrant at issue.  Only the first affidavit of probable cause is included.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record.  This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record.  In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

**Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted).  "[T]he ultimate responsibility of

---

[6] Appellant's argument is sometimes difficult to follow.  *E.g.*, at page fifteen, two lines from the bottom of the page, the argument ends abruptly mid-sentence with no apparent conclusion.  (**See** Appellant's Brief, at 15).

ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts." *Id.* (citing Pa.R.A.P.1 931). Without both affidavits of probable cause, and the search warrant, there is no basis for meaningful independent review of Appellant's issue. Accordingly, Appellant's first claim is waived.

Moreover, on the record before us, and under controlling authority, it would not merit relief. We agree with Appellant (and apparently the Commonwealth) that this issue is controlled by ***Commonwealth v. Henderson***, 47 A.3d 797 (Pa. 2012), *cert. denied*, 568 U.S. 946 (2012). (***See*** Trial Ct. Op., 3/25/15, at 3; Appellant's Brief, at 12).

On the specific issue of a supplemental affidavit of probable cause, our Supreme Court in ***Henderson*** limited the effect of the independent source rule by holding that suppression was not required on account of a second affiant's status as a member of the same police department as the original affiant. ***See Henderson***, ***supra*** at 804-05.

Instead, after discussing the origin and development of the prophylactic rule articulated in ***Commonwealth v. Melendez***, 676 A.2d 226, 231 (Pa. 1996), and ***Commonwealth v. Mason***, 637 A.2d 251, 257 (Pa. 1993), the ***Henderson*** Court limited it and the independent police team requirement "to situations in which the rule prevents police from exploiting the fruits of their own willful misconduct." *Id.* at 805 (footnote omitted).

Here, the trial court found that "[i]n this particular case, there is nothing of the sort." (Trial Ct. Op., 3/25/15, at 5).[7] We are bound by the factual findings of the suppression court, unless they find no support in the record. **See James**, **supra** at 186. Moreover, aside from the claims of procedural irregularities, Appellant fails to develop an argument that he was impermissibly prejudiced or that the police exploited the fruits of their own willful misconduct. Appellant's first issue is waived and would not merit relief.

In Appellant's second claim, he assigns error to the trial court for denying his objection to the admission of evidence from his cell phone based on an alleged break in the chain of custody. (**See** Appellant's Brief, at 4). Appellant baldly asserts that "no evidence established that the cellphone examined either time was the one seized from the Appellant." (**Id.** at 21). Appellant maintains that he is entitled to a new trial. (**See id.** at 22). We disagree.

> Our standard of review regarding the admissibility of evidence is an abuse of discretion. The admissibility of evidence is a matter addressed to the sound discretion of the trial court and . . . an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.

---

[7] We note that **Melendez** involved unauthorized warrantless entry into the suspect's home; **Mason** involved the use of a battering ram.

*Commonwealth v. Collins*, 70 A.3d 1245, 1251–52 (Pa. Super. 2013), *appeal denied,* 80 A.3d 774 (Pa. 2013) (citations, internal quotation marks and other punctuation omitted).

For evidence to be admissible on chain of custody grounds, "it is sufficient that the evidence [ ] establish a reasonable inference that the identity and condition of the exhibits remained unimpaired until they were surrendered to the court." *Commonwealth v. Pedano*, 405 A.2d 525, 528 (Pa. Super. 1979) (citations omitted). Every hypothetical possibility of tampering or identity need not be eliminated. *See id.* Any gaps in the chain of custody go to the weight, not admissibility, of the evidence. *See Commonwealth v. Copenhefer,* 719 A.2d 242, 256 (Pa. 1998), *cert. denied*, 528 U.S. 830 (1999).

Here, Appellant does not dispute, in fact he freely admitted, that the videos introduced at trial of his having sex with the two Victims, were recorded by him. (*See* N.T. Trial, 9/13/16, at 33-34). Nor does Appellant claim partiality, prejudice, bias, or ill will. Appellant fails to establish a break in the chain of custody. On independent review, we discern no basis to disturb the discretion of the trial court. Appellant's second issue does not merit relief.

Appellant's third issue challenges his sentence on the basis that the victims acknowledged their voluntary participation, **on other occasions,** in sexual acts with Appellant for drugs or money. (*See* Appellant's Brief, at 4). He maintains his sentence was excessive "based on the prior relationship

between the parties[.]" (*Id.* at 23). Appellant fails to raise a substantial question. Moreover, his claim of excessiveness would not merit relief.

> There is no absolute right to appeal when challenging the discretionary aspect of a sentence. Rather, an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code.

> A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1268–69 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citations, internal quotation marks, footnote, and other punctuation omitted).

Here, aside from the mere bald assertion that the sentence did **not** substantially serve the purposes of the sentencing code, as set forth in 42 Pa.C.S.A. § 9721, Appellant posits, without reference to any supporting authority, the novel argument that because he had consensual sex with the Victims on other occasions, for money or drugs, which he concedes to be prostitution, he is in effect immunized from criminal liability for **non**-

consensual sex with the Victims later. (***See*** Appellant's Brief, at 24); 42 Pa.C.S.A. § 9721(b).[8]

Appellant fails to identify what provision of the Sentencing Code is purportedly violated by sentencing for offenses against a victim (or victims) who Appellant had previously engaged as a prostitute. Nor does Appellant identify a fundamental norm underlying the sentencing process which was violated. ***See Dodge***, ***supra*** at 1268.

Therefore, Appellant fails to present a substantial question that the sentence violates a specific provision of the Sentencing Code or is contrary to any identified fundamental norm of the sentencing process. Appellant's third claim does not merit relief.

---

[8] In pertinent part, section 9721(b) provides:

> In selecting from the [sentencing] alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).[1]

42 Pa.C.S. § 9721(b) (footnote omitted); ***see also*** Sentencing Guidelines, 204 Pa. Code § 303.18.

Moreover, we agree with the reasoning of the sentencing court, that concurrent terms would in essence eliminate punishment for (at least) one of Appellant's sexual assaults. (**See** Trial Ct. Op., 8/15/17, at 7).

> Our concern . . . is to avoid giving criminals a "volume discount" on crime. If multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery. But in Pennsylvania, there is a legally recognized difference between these two crimes. The criminal in the latter case may be convicted of more than one crime and sentences for each conviction may be imposed where the crimes are not greater and lesser included offenses.

**Commonwealth v. Belsar**, 676 A.2d 632, 634 (Pa. 1996) (citation omitted).

Appellant fails to establish a substantial question that his sentence was excessive. Moreover, he is not entitled to a volume discount. Even if Appellant's third claim raised a substantial question, it would not merit relief.

In his fourth and final argument, Appellant challenges his SVP designation as unconstitutional under **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). (**See** Appellant's Brief, at 4). Appellant argues that under **Butler**, the statutory mechanism for SVP designation is constitutionally flawed. He asks that this Court vacate the sentencing order and remand for resentencing without an SVP finding. (**See** Appellant's Brief, at 28).

In support of his argument, Appellant posits that under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189, 1192 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018) (Opinion Announcing the Judgment

of the Court), Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10–9799.42, is punitive, and, as applied retroactively, is unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

Appellant candidly concedes that he raises this issue for the first time in this appeal. (**See** Appellant's Brief, at 27). Consequently, this is not a reviewable issue for us. We are an error correcting court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Finally, we note that the Legislature has recently amended, and the Governor has signed, legislation to reenact the SORNA registration system, applying to individuals who commit an eligible offense on or after December 20, 2012. **See** Act 29 of 2018 (H.B. 1952); 42 Pa.C.S.A. Ch. 97. The trial court did not have the opportunity to decide what, if any, effect the amending legislation had on Appellant's claim. Therefore, we are constrained to vacate that portion of Appellant's sentence finding him to be an SVP and remand to the trial court to issue a revised notice to Appellant pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders). On remand, we direct the sentencing court to determine whether the new legislation affects the propriety of Appellant's SVP designation. Accordingly, we affirm the judgment of sentence in part but vacate the court's imposition of SVP status and remand with instructions.

Judgment of sentence affirmed in part.  SVP designation vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judge Murray joins the Memorandum.

Judge Bowes concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/31/2018