J. S11044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN SCHEFFLER, | : | No. 3206 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 21, 2018,
in the Court of Common Pleas of Northampton County
Criminal Division at Nos. CP-48-CR-0002423-2015,
CP-48-CR-0002507-2015

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                Filed: August 25, 2020

John Scheffler appeals from the September 21, 2018 order entered in the Court of Common Pleas of Northampton County granting in part and denying in part his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On January 29, 2016, appellant pleaded guilty to two counts of burglary.[1]  The trial court sentenced appellant to an aggregate term of two and one-half to five years' imprisonment.  Appellant appealed his judgment of sentence.  This court affirmed the judgment of sentence on October 11, 2016.  ***Commonwealth v. Scheffler***, 159 A.3d 39 (Pa.Super.

---

[1] 18 Pa.C.S.A. §3502(a)(2).

2016) (unpublished memorandum). Appellant did not seek discretionary review with our supreme court.

On February 16, 2018, appellant filed a *pro se* PCRA petition. Counsel was appointed to represent appellant, but the record does not demonstrate that counsel filed an amended PCRA petition.[2] After conducting an evidentiary hearing, the PCRA court granted appellant's request for permission to file a petition for allowance of appeal *nunc pro tunc* of this court's October 11, 2016 decision affirming the judgment of sentence. (PCRA court order, 9/21/18.) In its opinion, the PCRA court also addressed the merits of appellant's claim that he receive credit for time served on his instant sentence or, in the alternative, be permitted to withdraw his guilty plea because ineffective assistance of trial counsel caused an involuntary and unknowing plea. (PCRA court opinion, 9/21/18 at 2-5.) The PCRA court denied appellant's PCRA petition, in part, as it related to this claim. (PCRA court order, 9/21/18.)

On October 22, 2018, appellant filed a petition for allowance of appeal with our supreme court. That same day, appellant also filed a notice of appeal to this court from the PCRA court's order denying, in part, the requested PCRA

---

[2] Talia R. (Goffredo) Mazza, Esq., was appointed to represent appellant on his PCRA petition.

relief in the form of a time credit to appellant's sentence or, in the alternative, permission to withdraw his guilty plea.[3]

The PCRA court directed appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) statement in which it relied on its opinion and order dated September 21, 2018, as the basis for denying the PCRA petition, in part.

On April 1, 2019, our supreme court denied appellant's petition for allowance of appeal. *Commonwealth v. Scheffler*, 205 A.3d 1226 (Pa. 2019).

Preliminarily, we note that on January 29, 2020, we entered a *per curiam* order staying disposition of this case while an *en banc* panel of this court considered the proper application of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), in light of *Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019) (reading *Walker* as a mandate to quash appeal unless notice of appeal contains only one trial court docket number).

In *Walker*, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be

---

[3] We note that the last day for timely filing an appeal from the PCRA court's September 21, 2018 order, October 21, 2018, fell on a Sunday. Accordingly, appellant's notice of appeal was timely filed. *See* 1 Pa.C.S.A. § 1908; Pa.R.A.P. 903(a).

quashed. *Walker*, 185 A.3d at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018. *Id.* at 971. In the instant case, the notices of appeal were filed on October 23, 2018, and, therefore, the *Walker* mandate applies. The appeal was of a single order resolving issues arising on both docket numbers. A review of the record demonstrates that appellant filed separate notices of appeal at each docket number; however, both notices of appeal referenced both docket numbers in their respective captions. A recent *en banc* panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 at *4-5 (Pa.Super. July 9, 2020) (*en banc*). Accordingly, we shall consider the issue raised in appellant's appeal.

Appellant raises the following issue for our review:

> [Did] [t]he [PCRA] Court [err] in denying in part [appellant's] [PCRA] Petition regarding prior counsel's failure to advise [appellant] that he would not receive credit for time served and as such, making said guilty plea unknowing[?]

Appellant's brief at 5.

This court has held:

> we may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented. *See Commonwealth v. James*, 620 Pa. 465, 69 A.3d 180, 184 (2013) (citation omitted). When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition.

> ***Commonwealth v. Hernandez***, 79 A.3d 649, 654
> (Pa.Super. 2013) (citation omitted).

***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa.Super. 2015).

The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545 (b)(3); ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on November 10, 2016, following the conclusion of the period in which appellant could have filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. Pa.R.A.P. 1113(a). Appellant filed the instant PCRA petition on February 16, 2018—over 15 months after his judgment of sentence became final and over 3 months after a PCRA petition could be considered timely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, appellant's petition is facially untimely.

A petitioner may only file a PCRA petition beyond one year of the date the judgment of sentence becomes final if:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"[T]he time limitations pursuant to . . . the PCRA are jurisdictional." **Commonwealth v. Fahy**, [] 737 A.2d 214, 222 ([Pa.] 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has not authority to extend filing periods except as a statute permits." **Id.** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa.Super. 2008).

**Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa.Super. 2011), **appeal denied**, 47 A.3d 845 (Pa. 2012).

Here, appellant neither pled nor proved any of the enumerated exceptions to the PCRA time-bar. Because appellant's petition is untimely, we do not have jurisdiction to consider the merits of his petition.[4]

---

[4] We note that the PCRA court granted appellant **nunc pro tunc** relief due to the ineffectiveness of appellant's direct appellate counsel. (**See** PCRA court opinion, 9/21/18 at 2.) Ineffective assistance of counsel is not one of the enumerated exceptions to the PCRA time-bar; therefore, the PCRA court did not have jurisdiction to grant appellant the requested **nunc pro tunc** relief. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **Commonwealth v. Rizvi**, 166 A.3d 344,

J. S11044/19

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20

---

346 n.2 (Pa.Super. 2017), citing **Commonwealth v. Hall**, 771 A.2d 1232, 1236 (Pa. 2001) (holding court has no authority to entertain request for **nunc pro tunc** appeal outside time constraints of PCRA, notwithstanding claim of counsel's ineffectiveness); **Commonwealth v. Eller**, 807 A.2d 838, 845 (Pa. 2002) (rejecting claim of entitlement to **nunc pro tunc** appeal outside PCRA framework). Because our supreme court denied appellant's petition for allowance of appeal on April 1, 2019, we shall consider this issue moot.