J-S37037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN AKBAR | : | |
| | : | |
| Appellant | : | No. 320 EDA 2021 |

Appeal from the Order Entered January 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007173-2009

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED JANUARY 19, 2022**

Appellant Hassan Akbar appeals from the order entered by the Court of Common Pleas of Philadelphia County denying Appellant's petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*. After careful review, we affirm.

The PCRA court summarized the factual background and procedural history of this case as follows:

> On April 14, 2010, the jury found [Appellant] guilty of aggravated assault, criminal conspiracy, possession of a firearm by a prohibited person and possessing instruments of crime.  The evidence adduced at trial showed that in the early morning hours of November 13, 2008, Kemp Carter and Regina Holmes arrived at Carter's house and saw [Appellant] and Darnell Lewis sitting in a parked car in front of the house. When Carter and Holmes approached the front door, [Appellant] and Lewis appeared behind them with guns drawn.  [Appellant] told them, "Look, this is how it's going down.  We are all going in the house together," and then

---

[*] Former Justice specially assigned to the Superior Court.

fired two shots at Carter's feet. Carter shoved Holmes out of the way and made a run for it. As Carter was running away, he was shot from behind. The bullet pierced his liver, bladder, and stomach. [Appellant] and Lewis then fled the scene. ([Notes of Testimony (N.T.)], 4/9/10, 68-84). Subsequently, both Carter and Holmes identified [Appellant] and Lewis in photo arrays. The police also received an anonymous tip about a car with the license plate "GKW 8662" that had been parked in front of Carter's house before the shooting. Police officers began searching for this car and spotted it being driven by Lewis. Police took Lewis into custody, who confessed to the crime and implicated [Appellant] as his partner in crime that night. Lewis told police that he never had a firearm; it was only [Appellant] who shot at Carter. (N.T. 4/8/10, p. 21-55). [Appellant] was arrested on December 2, 2008, at which time he gave the false identity of "Elijah Juan Blaloc" instead of his real name. (N.T. 4/9/10, p. 45-47).

At trial, Antoine (aka "Antwuan") Nazario testified as an alibi witness. He stated that [Appellant] was with him at a bachelor party from the evening of November 13, 2008 into the morning of November 14, 2008. On cross-examination, Nazario testified that on the night of November 12, 2008 into the early morning hours of November 13, 2008, he was at home and did not recall when he went to sleep. The prosecutor noted that the incident at Carter's house actually happened on the early hours of November 13, 2008. Nazario stated that no one had told him the shooting was early, not late, on November 13, 2008. (N.T. 4/12/10, p. 116-131).

PCRA Court Opinion (P.C.O.), 5/18/21, at 1-3.

On July 12, 2010, Appellant was sentenced to an aggregate term of twenty-five to fifty years' imprisonment, which included two mandatory minimum sentences. On July 30, 2014, this Court affirmed Appellant's convictions but remanded for resentencing. After both parties appealed, our Supreme Court vacated this Court's decision and remanded for resentencing in light of its decision in **Commonwealth v. Fields**, 630 Pa. 625, 107 A.3d

738 (2014), which was pending at the time this Court affirmed the judgment of sentence.[1]

On August 27, 2015, the trial court resentenced Appellant to the same aggregate sentence of twenty-five to fifty years' incarceration, but removed the mandatory minimum sentences. Appellant filed a post-sentence motion for the reconsideration of his sentence, but did not file a direct appeal.

On June 29, 2016, Appellant filed a *pro se* PCRA petition in which he raised claims of ineffectiveness of counsel, including a claim that trial counsel was ineffective for failing to file a direct appeal. On September 18, 2017, the PCRA court reinstated Appellant's right to file a direct appeal. On September 26, 2018, this Court affirmed the judgment of sentence and on March 20, 2019, the Supreme Court denied Appellant's petition for allowance of appeal.

On April 22, 2019, Appellant filed another PCRA petition. The PCRA court appointed Appellant counsel, who filed an amended petition on August 6, 2019. Thereafter, on March 10, 2020, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 19, 2021, the PCRA court denied Appellant's petition. This timely appeal followed.

Appellant raises the following issues for review on appeal:

---

[1] In **Fields**, the Supreme Court held that "Section 9714(a)(1) of the Sentencing Code, 42 Pa.C.S. § 9714(a)(1), requires that a second-strike offender be sentenced to the prescribed minimum term of incarceration for each conviction of a crime of violence that is part of the second strike." **Fields**, 630 Pa. at 636, 107 A.3d at 744.

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to properly present the testimony of the alibi witness, failing to present an available defense witness, failing to protect [A]ppellant's rights pursuant to the Confrontation Clause, and failing to challenge the Affidavit of Probable Cause and request a ***Franks*** hearing.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's constitutional right to due process based on prosecutorial misconduct; evidence that did not prove his guilt beyond a reasonable doubt; and ineffective representation of trial counsel.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish the trial court issued an illegal sentence by imposing a 50 year maximum sentence in excess of the maximum aggregate sentence for three second-degree felonies of 30 years.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, at 8.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting

***Commonwealth v. Mason***, 634 Pa. 359, 130 A.3d 601, 617 (2015) (internal

citations and quotation marks omitted)).

In Appellant's first question for review, he raises multiple claims that his trial counsel provided ineffective representation. In reviewing such claims, we are guided by the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020) (quoting **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted).

Appellant claims that trial counsel was ineffective in failing to properly present the testimony of alibi witness Antoine Nazario (hereinafter "Nazario").[2] Specifically, Appellant argues that trial counsel provided Nazario with an incorrect date and time during direct examination for which Nazario was to provide Appellant with an alibi. Appellant asserts that Nazario's alibi testimony became "severely compromised" after the prosecutor confronted Nazario on cross-examination with the correct date and time of the crimes at issue. Appellant's Brief, at 10.

The PCRA court concluded this argument to be a mischaracterization of the record as Nazario testified to his own recollection of the events near the

---

[2] Mr. Nazario's first name is spelled both Antoine and Antwuan in the record.

time of the crimes at issue. Nazario asserted that he remembered this time period well as he attended his bachelor party on the evening of November 13, 2008, his fiancee's birthday was November 14, 2008, and his wedding was held on November 15, 2008. N.T. Trial, 4/12/09, at 116-19.

As such, Nazario agreed with trial counsel on direct examination that that Appellant was with him the entire evening of November 13, 2008 into the early morning hours of November 14, 2008 at Nazario's bachelor party. However, as noted above, Appellant was accused of assaulting the victims in the early morning hours of November 13, 2018.

The PCRA court concluded that Appellant's ineffectiveness claim had no arguable merit as trial counsel did not provide Nazario with incorrect dates or mislead Nazario in any way, but more simply, Nazario's testimony did not support an alibi defense.

Regardless of whether there is any arguable merit to this particular claim of ineffectiveness, we find that trial counsel's alibi defense presentation did not result in actual prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052.

In this case, the prosecution introduced overwhelming evidence of Appellant's guilt through eyewitness testimony. Both Mr. Carter and Ms. Holmes testified at trial that Appellant and Lewis threatened them with firearms as they were entering Mr. Carter's home. N.T., 4/7/10, 77; 4/9/10,

at 68, 73, 86.[3] Ms. Holmes asserted that she observed Appellant shoot at the ground to push them into the house and then she observed Mr. Lewis shoot Mr. Carter. N.T., 4/7/10, 77-78. While Mr. Carter could not identify which of his assailants shot him, he averred that both men had guns when they attempted to push him and Ms. Holmes into the house. N.T., 4/9/10, 74. Mr. Holmes testified that the men shot him in the stomach and the bullets hit his liver, bladder and kidney. *Id*. at 74. In addition, Mr. Carter and Ms. Holmes made pre-trial identifications of Appellant and Lewis at their attackers in photo arrays presented to them by detectives. N.T., 4/7/10, 92-93; 4/9/10, at 78-81.

Accordingly, we find that Appellant failed to establish the requisite prejudice that the result of the proceeding would have been different. It is well-established that "[a] failure to satisfy *any* prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Selenski*, 228 A.3d at 15 (quoting *Commonwealth v. Daniels*, 600 Pa. 1, 18, 963 A.2d 409, 419 (2009)) (emphasis added). As such, this ineffectiveness claim does not entitle Appellant to collateral relief.

Appellant also claims that trial counsel was ineffective in failing to call Christina Nazario as a witness. In reviewing this claim, we are mindful of the following principles:

---

[3] We observe that the notes of testimony from Appellant's trial are labeled incorrectly as being transcribed on April 9, 2009.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the **Strickland** test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 536 (2009); **Commonwealth v. Clark**, 599 Pa. 204, 961 A.2d 80, 90 (2008). To demonstrate **Strickland** prejudice, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." **Commonwealth v. Gibson**, 597 Pa. 402, 951 A.2d 1110, 1134 (2008). Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. **Commonwealth v. Auker**, 545 Pa. 521, 681 A.2d 1305, 1319 (1996). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." **Id**.

**Commonwealth v. Sneed**, 616 Pa. 1, 22–23, 45 A.3d 1096, 1108–09 (2012).

While Appellant argues that Christina Nazario "was available and willing to testify … to certain facts that would establish Appellant's actual innocence," Appellant failed to provide this Court or the PCRA court with any details as to the proposed testimony of Christina Nazario and its relevance to Appellant's defense, let alone shown how her testimony would have compelled a different verdict. Appellant's undeveloped claim does not entitle him to relief under the PCRA. **Sneed**, **supra**.

Appellant also argues that trial counsel was ineffective in failing to protect his rights pursuant to the Confrontation Clause. Specifically, Appellant suggests that defense counsel should have objected when Detective Rudolph

Valentine testified regarding the witnesses' identification of Appellant from photo arrays as Appellant claims that Detective Valentine was "not the detective that conducted the pre-trial identification according to the affidavit of probable cause." Appellant's Brief, at 11.

We agree with the PCRA court's assessment that his claim has no arguable merit. While the PCRA court recognized that the affidavit of probable cause states that Detective Maurizio showed the victim the photo array containing Appellant's photo, the PCRA court found that this did not mean that Detective Valentine was not also present when the witnesses were shown the photo arrays.

Detective Valentine testified at trial that he prepared the photo arrays which included Appellant's photo and personally showed them to the victim and Ms. Holmes, who both identified Appellant as one of the attackers. N.T. 4/12/10, 87-90. Detective Valentine also testified at Appellant's preliminary hearing that he was present when Holmes identified Appellant in the photo array. N.T. 5/21/09, 13. The victim and Ms. Holmes both testified that detectives (plural) showed them photo arrays containing Appellant's picture. N.T. 4/7/10, 92; 4/9/20, 79-80.

As such, as the record shows that Detective Valentine was present when the victim and Mrs. Holmes were shown the photo arrays, we find no arguable merit to Appellant's claim that trial counsel should have raised a Confrontation Clause objection.

Appellant next claims trial counsel was ineffective in failing to request a *Franks* hearing to challenge the affidavit of probable cause, which Appellant claims contained false information. While Appellant fails to provide a full citation, we surmise he is referring to the decision in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

The Pennsylvania Supreme Court summarized the United States Supreme Court's holding in *Franks* as follows:

> [*Franks*] addressed whether a defendant has the right, under the Fourth and Fourteenth Amendments, to challenge the truthfulness of factual averments in an affidavit of probable cause. The Court held where the defendant makes a substantial preliminary showing the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit, the Fourth Amendment requires a hearing be held at the defendant's request. The Court emphasized the defendant's attack on the affidavit must be "more than conclusory and must be supported by more than a mere desire to cross-examine"; the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof. If the defendant meets these requirements, but the remainder of the affidavit's content is still sufficient to establish probable cause, no hearing is required. If the affidavit's remaining content is insufficient, a hearing is held, at which the defendant must establish, by a preponderance of the evidence, the allegation of perjury or reckless disregard. If he meets this burden, the affidavit's false material is disregarded; if its remaining content is insufficient to establish probable cause, the search warrant is voided, and the fruits thereof are excluded.

*Commonwealth v. James*, 620 Pa. 465, 478, 69 A.3d 180, 188 (Pa. 2013) (citations omitted).

In this case, Appellant specifically alleges that the affidavit of probable cause contained false information in that it stated that one photo array was

shown to the witnesses, when the witnesses testified that they saw "a lot of photos." Appellant's Brief, at 10-11.

Our review of the record shows that the victim testified that he was shown a photo array in the hospital and another photo array at his home. When the victim was asked how many photographs the detectives showed him and more specifically whether it was a lot of photos, the victim responded affirmatively. N.T., 4/9/10, 101-102. We agree with the PCRA court's acknowledgement that a photo array, by definition, contains numerous photos. As such, it is not unreasonable for the victim to have seen "a lot of photos" in two photo arrays.

As such, we conclude that Appellant did not provide adequate support for his claim that a false statement was made in the affidavit of probable cause that would have warranted a hearing pursuant to *Franks*.

Appellant also claims that his constitutional right to due process was violated by the Commonwealth's failure to prove each element of the crimes charged beyond a reasonable doubt. This argument is a challenge to the sufficiency of the evidence, a claim that is not cognizable under the PCRA as it should have been raised on direct appeal. 42 Pa.C.S.A. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding"). As such, we find this issue waived.

Appellant claims for the first time on appeal that the prosecution denied him due process by "the knowing and intentional use of perjured testimony"

- 11 -

from Detective Valentine. Appellant's Brief, at 11. As a general rule, "issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (quotation and citations omitted); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").[4] Moreover, this claim of prosecutorial misconduct is also waived as Appellant failed to raise the issue during trial or on direct appeal. 42 Pa.C.S.A. § 9544(b).

Lastly, Appellant argues that the trial court issued an illegal sentence as he asserts that the criminal information did not set forth the degree of the aggravated assault charge. As such, Appellant claims he is entitled to "the lowest gradation provided by Section 2701" (second-degree felony) and argues that the conspiracy charge should be graded the same as the aggravated assault charge. Appellant's Brief, at 19. Further, Appellant argues that he received an illegal maximum aggregate sentence of fifty years' imprisonment when the maximum aggregate sentence for three second degree felony offenses is thirty years' imprisonment.

However, there is no record support for this argument as the criminal information clearly states that Appellant was charged with aggravated assault

---

[4] Our Supreme Court recently expanded the opportunities for a PCRA petitioner to raise claims of PCRA counsel ineffectiveness for the first time on collateral appeal. **See Commonwealth v. Bradley**, ––– A.3d ––––, 2021 WL 4877232 (Pa. 2021). However, since Appellant did not couch his claim of prosecutorial misconduct in terms of the ineffectiveness of his counsel, the dictates of **Bradley** do not impact this case.

- 12 -

as a felony of the first degree. The information lists Count 1 as "Aggravated Assault (F1)" under 18 Pa.C.S.A. § 2702(a). Although the information does not specify the subsection of Section 2702(a), it states Appellant "attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under the circumstances manifesting extreme indifference to human life." This language is found in Section 2702(a)(1), which is graded as a first-degree felony. In addition, the charges against Appellant were reviewed several times including at his preliminary hearing and arraignment. As such, Appellant is not entitled to relief.

For the foregoing reasons, we conclude that the PCRA court correctly denied Appellant's petition without a hearing as he has failed to set forth any claims that would entitle him to collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022