J-S16006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK STOKES | : | |
| | : | |
| Appellant | : | No. 2623 EDA 2023 |

Appeal from the PCRA Order Entered October 5, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008304-2016

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 22, 2024**

Appellant, Mark Stokes, appeals from the October 5, 2023 order of the Court of Common Pleas of Philadelphia County, which denied his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we reverse and remand.

The underlying facts are not in dispute. Following a non-jury trial, Appellant was found guilty of terroristic threats, simple assault, retaliation against witness or victim, and not guilty of recklessly endangering another person and criminal mischief. "The charges stemmed from an August 4, 2016 altercation between [Appellant] and his neighbor, Steven Sabo ("Complainant"), at Complainant's office in Southwest Philadelphia." PCRA Court Opinion, 12/6/23, at 1. On November 15, 2018, Appellant was

_____

[*] Former Justice specially assigned to the Superior Court.

sentenced to an aggregate prison term of two to four years of incarceration, followed by three years of probation.

On December 19, 2018, Appellant filed a *pro se* notice of appeal. Appellant's trial counsel, Robert M. Gamburg, Esquire, filed an application to withdraw as counsel stating that he was retained for trial only and was not hired for purposes of appeal. This Court granted Attorney Gamburg's request to withdraw and directed the trial court to determine Appellant's eligibility for court-appointed counsel. The trial court found Appellant indigent and appointed John Belli, Esquire, as appellate counsel.

Several months later, Attorney Belli filed a motion to withdraw as counsel with this Court, stating that he intended to file an **Anders**[1] brief concluding that Appellant's claims lacked merit, and no other non-frivolous issues could be raised on appeal. Before Attorney Belli filed an **Anders** brief, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Attorney Belli responded that Appellant's prior counsel abandoned him for purposes of appeal, which required Appellant to file a notice of appeal, *pro se*. On November 4, 2019, this Court quashed the appeal as untimely and deemed Attorney Belli's motion to withdraw moot.

On October 28, 2020, Appellant filed a *pro se* PCRA petition asserting that trial counsel was ineffective for failing to file a direct appeal, failing to request recusal of the trial judge, and failing to call character witnesses. On

---

[1] **Anders v. California**, 386 U.S. 738 (Pa. 1967).

February 5, 2021, Stephen T. O'Hanlon, Esquire, was appointed as PCRA counsel. Attorney O'Hanlon filed an amended PCRA petition on August 15, 2021. He claimed that the October 28, 2020 *pro se* petition was timely and asserted that trial counsel was ineffective for failing to call character witnesses, failing to introduce evidence to show Appellant did not retaliate against the victim, failing to seek recusal of the trial judge, and for stipulating to Appellant's criminal history and aliases.

The Commonwealth filed a motion to dismiss Appellant's PCRA petition as untimely, and noted that Appellant failed to plead any exception to the PCRA's timeliness requirement. Appellant responded, asserting that he satisfied the newly discovered fact exception of the PCRA's time-bar. He argued that trial counsel was ineffective for failing to file a timely direct appeal and Appellant did not become aware of that fact until after the appeal was quashed; therefore, the time to file a PCRA petition did not begin to run until November 4, 2019, when this Court notified him that it was quashing the direct appeal.

On January 4, 2023, the presiding judge, the Honorable Scott DiClaudio, recused himself, and the case was reassigned to the Honorable Shanese I. Johnson. Thereafter, Judge Johnson scheduled an evidentiary hearing. The day prior to the hearing, the Commonwealth filed a letter stating it believed Appellant "would be entitled to *nunc pro tunc* reinstatement of his direct appeal rights, which would reset the clock and allow [Appellant] the

opportunity to file a new, timely PCRA petition." Commonwealth's Letter in Brief, 5/18/23, at 1.

An evidentiary hearing was held on May 19, 2023. At the outset of the hearing, before any evidence was heard, the PCRA court reinstated Appellant's direct appeal rights by agreement of the parties. N.T. PCRA Hearing, 5/19/23, at 6. The PCRA court then conducted a brief colloquy of Appellant regarding waiver of his direct appeal rights.[2] *Id.*

Despite the reinstatement of direct appeal rights, Appellant was directed to file another PCRA petition by the end of day so that the evidentiary hearing was not premature. *Id.* at 8. It appears that the PCRA court then immediately proceeded to an evidentiary hearing on the merits of an upcoming amended petition before it was filed based on the assumption that its contents would be identical to the petition filed on August 15, 2021.

However, Appellant did not file a PCRA petition that day once the hearing concluded. Instead, on May 25, 2023, Appellant filed a "Supplemental Amended PCRA Petition and Memorandum of Law Seeking New Trial." It was identical to the amended PCRA petition filed on August 15, 2021, with the added procedural background of the evidentiary hearing held on May 19,

_____

[2] "While a defendant has the ability to relinquish his appellate rights, this can only be accomplished through a knowing, voluntary and intelligent waiver." ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). Upon review of the record, Appellant's waiver of his direct appeal rights under the circumstances cannot reasonably be deemed valid. ***See*** N.T, PCRA Hearing 5/19/23, at 7.

2023. Additionally, both parties filed post-hearing briefs in support of their positions regarding the merits of Appellant's PCRA claims.

On October 5, 2023, the PCRA court dismissed Appellant's most recent PCRA petition, and Appellant filed a notice of appeal the same day. He now raises a single issue:

> Did the PCRA court err and was dismissal of Appellant's PCRA Petition not supported by the Record and free from legal error because trial counsel was ineffective for unreasonably failing to introduce available evidence of Appellant's peaceful / non-violent reputation / character in the community and Appellant suffered prejudice warranting the award of a new trial because evidence of good character alone is sufficient to warrant a Not Guilty verdict and Complainant at trial was the first to initiate a violent confrontation by pushing Appellant and subsequently pulling a gun and pointing it at Appellant?

Appellant's Brief at 4.

Before addressing the merits, we must first determine whether this Court has jurisdiction. All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). This Court may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented. *Commonwealth v. James*, 69 A.3d 180, 184 (Pa. 2013).

Moreover, our Supreme Court has found that "in circumstances in which no **timely** direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a [PCRA] petition commences upon the actual expiration of the time allowed for seeking direct review, as specified in the PCRA." *Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) (emphasis added). "The initial untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019).

Here, it is undisputed that Appellant's *pro se* PCRA petition was facially untimely.[3] As explained above, on May 19, 2023, the trial court reinstated

_____

[3] Appellant's judgment of sentence became final for PCRA purposes on December 15, 2018, when the time for filing a **timely** direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until December 15, 2019, to file a timely petition. Since the instant petition was filed on October 28, 2020, it is facially untimely and cannot be reviewed unless one of the statutory exceptions applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant's direct appeal rights upon agreement of the parties. After reinstatement of Appellant's direct appeal rights, the PCRA court proceeded to an evidentiary hearing on the underlying claims of the same PCRA petition which had resulted in the reinstatement of his appeal rights. This was an error of law.

"[O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is **precluded** from reaching the merits of other issues raised in the petition." ***Commonwealth v. Harris***, 114 A.3d 1, 3-4 (Pa. Super. 2015) (emphasis added). "Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there." ***Id.*** at 4.

This holding is consistent with the jurisdictional framework of the PCRA, which authorizes petitioners to seek postconviction relief (and courts to grant it) if relief is sought within one year from the date that a judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(a), (b). It is clear from Section 9545(b)(3) that in this context, a judgment only "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Therefore, once the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*, it lost jurisdiction to entertain any remaining PCRA claims. At that point, Appellant's "sentence was no longer final and the PCRA court lacked jurisdiction to rule on [petitioner's] other requests for relief."

***Harris***, 114 A.3d*.* at 6. "When a PCRA court lacks jurisdiction to consider the merits of the petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition." ***Id.*** Thus, until Appellant's sentence becomes final both the PCRA court and this Court are barred from considering the merits of Appellant's remaining ineffectiveness claims. ***See*** 42 Pa.C.S.A. § 9545. Accordingly, we vacate the October 5, 2023 order addressing Appellant's PCRA claims, and remand this case for further proceedings consistent with this memorandum.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024